**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

WAYMON CHESTER,                  :
                                 :   Civil Action No. 10-4192 (FSH)
          Petitioner,            :
                                 :
     v.                          :   **OPINION**
                                 :
GREG BARTKOWSKI, et al.,         :
                                 :
          Respondents.           :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Waymon Chester
New Jersey State Prison
Trenton, NJ 08625

Counsel for Respondents
Kenneth P. Ply
Essex County Prosecutor's Office
Essex County Veterans Courthouse
Newark, NJ 07102


**HOCHBERG**, District Judge

    Petitioner Waymon Chester, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.[1]  The respondents are Administrator Greg Bartkowski and the Attorney General of New Jersey.

For the reasons stated herein, the Petition will be dismissed with prejudice as untimely.

## I.   BACKGROUND

Here, Petitioner challenges his conviction and sentence in two separate state criminal matters, which were treated jointly by the state courts at sentencing and on appeal.  Similarly, this Court will address together Petitioner's challenges to both convictions.

Essex County Indictment No. 01-05-2155 charged Petitioner with fourth-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(3); third-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(b)(3); third-degree possession of a controlled dangerous substance with intent to distribute within one thousand feet of school property, N.J.S.A. 2C:35-7; second-degree

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

possession of a controlled dangerous substance with intent to distribute within five hundred feet of a public housing facility, N.J.S.A. 2C:35-7.1; and third-degree resisting arrest, N.J.S.A. 2C:29-2.  Following a jury trial, Petitioner was convicted on the drug charges and on fourth-degree resisting arrest, as a lesser-included offense of the charged third-degree resisting arrest. At sentencing, the judge sentenced Petitioner to ten years' imprisonment on the drug charges and to a concurrent five years' imprisonment for resisting arrest.

Petitioner appealed and the Superior Court of New Jersey, Appellate Division, affirmed the convictions but remanded for re-sentencing in light of the improper sentence for resisting arrest.  See State v. Chester, No. A-6646-02 (N.J. Super. App.Div. Oct. 27, 2005) (Answer, Ex. 9).  On January 19, 2006, the Supreme Court of New Jersey denied certification.  State v. Chester, 186 N.J. 242 (2006).

Essex County Indictment No. 01-10-4261 charged Petitioner with second degree conspiracy, N.J.S.A. 2C:5-2; first-degree carjacking, N.J.S.A. 2C:15-2; three counts of first-degree robbery, N.J.S.A. 2C:15-1; three counts of third-degree criminal restraint, N.J.S.A. 2C:13-2; two counts of third-degree terroristic threats, N.J.S.A. 2C:12-3(b); three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3); three counts of second-degree possession of a weapon for an

3

unlawful purpose, N.J.S.A. 2C:39-4(a); and one count of third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

The trial court severed the conspiracy and carjacking counts and tried Petitioner first on the remaining counts. Petitioner was convicted on all counts. He was then tried for conspiracy and carjacking. He was acquitted on conspiracy and convicted of carjacking. The trial court sentenced Petitioner on Indictment No. 01-10-4261 on the same day it sentenced him on Indictment No. 01-05-2155. The trial court structured Petitioner's sentence on Indictment No. 01-10-4261 to achieve its stated purpose of having Petitioner serve a combined aggregate sixty-five years in prison, with a forty-five-year period of parole ineligibility under both indictments.

Petitioner appealed and the Appellate Division affirmed Petitioner's conviction and sentence for carjacking. See State v. Chester, No. A-6760-03 (N.J. Super. App.Div. Oct. 27, 2005) (Answer, Ex. 10). The Appellate Division also affirmed his remaining convictions but remanded one aspect of Petitioner's sentence on the remaining convictions. See State v. Chester, No. A-6761-03 (N.J. Super. App.Div. Oct. 27, 2005) (Answer, Ex. 11). On January 19, 2006, the Supreme Court of New Jersey denied certification with respect to both decisions. See State v. Chester, 186 N.J. 242 (2006).

Petitioner was re-sentenced on both indictments on July 20, 2006. There was no change in the length of the sentence. Petitioner did not appeal. (Answer, Ex. 21, Opinion denying post-conviction relief at 9.) On September 22, 2006, Petitioner filed a timely state petition for post-conviction relief ("PCR"). The PCR court denied relief on August 7, 2007. The Appellate Division affirmed the denial of relief on April 21, 2009. See State v. Chester, 2009 WL 1045994 (N.J. Super. App.Div. April 21, 2009). The Supreme Court of New Jersey denied certification on July 10, 2009. See State v. Chester, 200 N.J. 206 (2009).

On August 8, 2010, Petitioner commenced this habeas action by delivering his Petition to the prison legal mail officer for mailing.[2] (Petitioner's Brief in Support of Petition at 3 [Docket Entry No. 15-6]).

Briefing is now complete and this matter is ready for decision.

## II.  ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2] Typically, a prisoner's complaint is deemed filed at the moment he delivers it to prison officials for mailing to the district court. See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

5

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Here, Respondents assert that the Petition must be dismissed as untimely.

The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002). Accordingly, it is necessary to review the claims asserted to determine the starting point of the applicable limitations period.

In his Petition, Petitioner asserted the following claims with respect to Essex County Indictment No. 01-05-2155.

> GROUND ONE: The Defendant was denied his right to the effective assistance of trial counsel guaranteed by the

> Sixth Amendment of the United States Constitution and Due Process of Law ....
>
> > ... Trial counsel failed to object to: prejudicial comments by the prosecution in opening and closing statements; Det. Feliciano implying he knew Petitioner from prior criminal activity; R. Holloway testifying as an expert in narcotics investigations; by advising Petitioner to testify at trial; failing to attain an addiction expert.

(Petition, ¶ 12.)

Petitioner asserted the following additional claims in his Brief in support of the Petition.

> POINT III:   THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF TESTIMONY BY A STATE'S WITNESS INFERENTIALLY CONNECTING THE DEFENDANT WITH PRIOR CRIMINAL CONDUCT.
>
> POINT IV:   THE PROSECUTOR'S SUMMATION EXCEEDED THE BOUND OF PROPRIETY.
>
> POINT V:   THE TRIAL COURT ERRED IN DENYING DEFENSE COUNSEL'S MOTION FOR A MISTRIAL.

(Brief at i.)

In his Petition, Petitioner asserted the following claims with respect to Essex County Indictment No. 01-10-4261.

> GROUND TWO: The Defendant was denied his right to the effective assistance of trial counsel guaranteed by the Sixth Amendment of the United States Constitution and Due Process of Law regarding Indictment No. 01-05-4261, Carjacking Trial.
>
> > ... Trial counsel failed to object to: the trial court permitting the State to elicit inadmissible other crimes evidence (robbery); object to improper jury instruction on other crimes evidence; prejudicial testimony from Mr. Sowell regarding other crimes evidence (rape and illegal

>> drugs); inappropriate comments by State in summation. ...
>
> GROUND THREE: The Defendant was denied his right to the effective assistance of trial counsel guaranteed by the Sixth Amendment of the United States Constitution and Due Process of Law regarding Indictment No. 01-05-4261, Sexual Assault Trial.
>
>> ... Trial counsel failed to object to: improper opening and closing statements by the State; to improper testimony of Bey-Russell; attain a fingerprint expert; inclusion of and improper jury instructions on other crimes evidence (robbery, carjacking and illegal drug use); the court allowing a State's witness to refer to Petitioner as a "rapist"; and counsel failed to move to dismiss indictment; properly advise Petitioner on trial exposure instead of taking the plea.

(Petition, ¶ 12.)

In his Brief, Petitioner asserted the following additional claims.

> (POINTS VI THROUGH X RELATE TO COUNTS 1 AND COUNTS 3 THROUGH 17 INDICTMENT NO. 2001-05-4261)
>
> POINT VI:   THE TRIAL COURT ERRED IN PERMITTING THE STATE TO ELICIT OTHER CRIME TESTIMONY RELATING TO A CARJACKING PURSUANT TO N.J.R.E. 404(b).
>
> POINT VII:  THE TRIAL COURT ERRED BY FAILING TO PROVIDE LIMITING INSTRUCTIONS TO THE JURY REGARDING TESTIMONY RELATING TO THE CARJACKING WHICH WAS ADMITTED PURSUANT TO N.J.R.E. 404(b).
>
> POINT VIII: PETITIONER WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF IRRELEVANT AND PREJUDICIAL TESTIMONY ELICITED BY THE STATE CONNECTING THE DEFENDANT WITH THE USE OF DRUGS.
>
> POINT IX:   THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF THE TRIAL

                     COURT'S FAILURE TO ISSUE AN APPROPRIATE LIMITING INSTRUCTION TO THE JURY REGARDING THE TESTIMONY ELICITED BY THE STATE ASSOCIATING THE DEFENDANT WITH THE USE OF DRUGS.

POINT X: THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF HIS TESTIMONY INFERENTIALLY CONNECTING THE DEFENDANT WITH PRIOR CRIMINAL CONDUCT.

(POINTS XI THROUGH XVII RELATE TO COUNT 2 INDICTMENT NO. 2001-05-4261)

POINT XI: THE TRIAL COURT ERRED IN PERMITTING THE STATE TO ELICIT INADMISSIBLE AND HIGHLY PREJUDICIAL TESTIMONY REGARDING THE DEFENDANT'S INVOLVEMENT IN A ROBBERY PURSUANT TO N.J.R.E. 404(b).

POINT XII: THE TRIAL COURT FAILED TO ADEQUATELY INSTRUCT THE JURY REGARDING THE EVIDENCE ADMITTED AT TRIAL PURSUANT TO N.J.R.E. 404(b).

POINT XIII: THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL WHEN A STATE'S WITNESS GRATUITOUSLY VOLUNTEERED TESTIMONY CONNECTING THE DEFENDANT [WITH THE SEXUAL ASSAULT OF ANOTHER STATE'S WITNESS].

POINT XIV: THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF IRRELEVANT AND PREJUDICIAL TESTIMONY ELICITED BY THE STATE CONNECTING THE DEFENDANT WITH THE USE OF DRUGS.

POINT XV: THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF THE TRIAL COURT'S FAILURE TO ISSUE AN APPROPRIATE LIMITING INSTRUCTION TO THE JURY REGARDING THE TESTIMONY ELICITED BY THE STATE ASSOCIATING THE DEFENDANT WITH THE USE OF DRUGS.

POINT XVI: THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF TESTIMONY

9

>                     INFERENTIALLY CONNECTING THE DEFENDANT
>                     WITH PRIOR CRIMINAL CONDUCT.
>
> POINT XVII:         THE TRIAL COURT ERRED BY FAILING TO
>                     INSTRUCT THE JURY REGARDING THE
>                     DEFENDANT'S PHOTOGRAPHS UTILIZED IN THE
>                     VARIOUS PHOTOGRAPHIC ARRAYS SHOWN TO AND
>                     IDENTIFIED BY FOUR WITNESSES FOR THE
>                     STATE.

(Brief at i-iii.)

With respect to both indictments, Petitioner asserts in the Petition a fourth ground for relief:

> GROUND FOUR: Petitioner was denied his United States Constitutional Rights to a Fair Trial and Due Process due to the trial court's errors as indicated in the prior three grounds for relief, which disclosed the trial court's errors and counsel's failure to object to those errors.

(Petition, ¶ 12.)

Each of these asserted grounds for relief was known to Petitioner by the time of his re-sentencing. Petitioner was under no state-created impediment that prevented him from filing a petition. Nor do any of the claims rely upon a constitutional right subsequently recognized by the Supreme Court or upon a factual predicate that could not have been discovered earlier through the exercise of due diligence.

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

10

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner did not appeal the July 20, 2006, re-sentencing.  Pursuant to New Jersey Court Rule 2:4-1(a), the time for filing a notice of appeal is 45 days, subject to tolling on certain grounds not raised here.  Accordingly, the judgment of conviction became final for federal habeas purposes on September 3, 2006, 45 days after the re-sentencing on July 20, 2006.  Therefore, Petitioner had one year, or until September 3, 2007, to file his federal habeas petition, unless statutorily or equitable tolling applied.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive

11

> filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. More specifically, "[t]he time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, <u>provided that</u> the filing of the notice of appeal is timely under state law." <u>Evans v. Chavis</u>, 546 U.S. 189, 191 (2006) (finding that time between denial of post-conviction

relief and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal on its merits). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Petitioner properly filed his state petition for post-conviction relief on September 22, 2006, nineteen days after the federal limitations period began to run. The state PCR petition ceased to be pending on July 10, 2009, when the Supreme Court of New Jersey denied certification. At that time, he then had 346 days remaining in his federal limitations period. Accordingly, the federal limitations period expired on June 21, 2010, absent some ground for equitable tolling.

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally,

13

> this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner has asserted no facts (or argument) suggesting any basis for equitable tolling. Thus, this Petition, filed on August 8, 2010, or 48 days after the federal limitations period expired, is untimely and will be dismissed with prejudice.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not disagree with this Court's procedural ruling. No certificate of appealability will issue.

15

## IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice as untimely.  No certificate of appealability will issue.

An appropriate order follows.


                                        s/ Faith S. Hochberg
                                        Faith S. Hochberg
                                        United States District Judge

Dated:  September 12, 2012